UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Jaime C., <br><br>               Plaintiff, <br><br> v. <br><br> Kilolo Kijakazi, Acting Commissioner of Social Security, <br><br>               Defendant. | Civil No. 3:22-CV-01410 (MPS) <br><br><br> September 14, 2023 |

### RECOMMENDED RULING ON PENDING MOTIONS

Plaintiff, Jaimie C.[1], appeals the decision of the Commissioner of Social Security ("Commissioner" or "Defendant"), rejecting her applications for Title II Disability Insurance Benefits ("DIB") and Title XVI Supplemental Security Income benefits ("SSI"). ECF No. 1. She moves to reverse the Commissioner's decision or to remand the matter to the Commissioner for a new hearing. ECF Nos. 1, 23. The Commissioner moves to affirm the decision. ECF No. 29.

For the reasons detailed below, Plaintiff's Motion to Reverse the Decision of the Commissioner [ECF No. 23] is **GRANTED** and the Commissioner's Motion for an Order Affirming the Decision [ECF No. 29] is **DENIED**.

### I.      FACTUAL AND PROCEDURAL BACKGROUND

On July 31, 2020, Plaintiff filed an application for DIB benefits under Title II and SSI benefits under Title XVI. (R. 96, 220-34.) She claimed inability to work due to migraines,

---

[1]      Pursuant to D. Conn. Standing Order CTAO-21-01, Plaintiff will be identified solely by first name and last initial throughout this opinion.

1

fibromyalgia ("FM"), degenerative disc disease, asthma, anxiety disorder, and depressive disorder. (R. 22.) She alleged a disability onset date of January 23, 2020, when she was thirty-five years old. (R. 96.) Her applications were denied initially on December 20, 2020 (R. 95-117), and upon reconsideration on March 8, 2021. (R. 118-143.) On November 26, 2021, the ALJ issued an unfavorable decision. (R. 16-39.)

ALJs are required to follow a five-step sequential evaluation process in adjudicating Social Security claims and ALJ I.K. Harrington's written decision followed that format. At Step One, he found that Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2024. (R. 22.) He found that Plaintiff had not engaged in substantial gainful activity since January 23, 2020, the alleged onset date. (*Id.*) At Step Two, he found that Plaintiff suffers from the severe impairments of migraines, FM, degenerative disc disease, asthma, anxiety disorder, and depressive disorder. (*Id.*) At Step Three, he concluded that Plaintiff's impairments or combination of impairments did not meet or medically equal the severity of one of the "Listings" – that is, the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1. (R. 23.) He then determined that, notwithstanding her impairments, Plaintiff retained the residual functional capacity to:

> [P]erform medium work as defined in 20 C.F.R. 404.1567(c) and 416.967(c) except: The claimant can perform frequent stooping, kneeling, crouching, crawling, and climbing of ramps and stairs. The claimant may never climb ladders, ropes, and scaffolds. **The claimant requires the use of a cane for ambulation**. The claimant should avoid concentrated exposure to extreme cold; noise (as defined by the Selected Characteristics of Occupations (SCO) as loud (i.e., large earth movers, heavy traffic), and very loud (i.e., rock concert, jack hammer); vibration; fumes; odors; dusts; gases; and poor ventilation. The claimant can perform simple, routine tasks involving no more than simple, short instructions and simple, work-related decisions. The claimant can adapt to routine workplace changes.

(R. 26 (emphasis added).) At Step Four, the ALJ found that Plaintiff is unable to perform any past relevant work (20 C.F.R. 404.1565 and 416.965). (R. 30). Finally, at Step Five, the ALJ relied

on the testimony of a vocational expert ("VE") to find that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, including "information clerk", "cashier II", and "photocopy machine operator". (R. 32.) Accordingly, the ALJ determined that Plaintiff was not disabled from January 23, 2020, through the date of the decision, November 26, 2021.[2] (*Id.*)

## II.     APPLICABLE LEGAL PRINCIPLES

To be considered disabled under the Social Security Act, "a claimant must establish an 'inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months.'" *Smith v. Berryhill*, 740 F. App'x 721, 722 (2d Cir. 2018) (summary order) (quoting 20 C.F.R. § 404.1505(a)). To determine whether a claimant is disabled, the ALJ follows a familiar five-step evaluation process.

At Step One, the ALJ determines "whether the claimant is currently engaged in substantial gainful activity . . . ." *McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014) (citing *Burgess v. Astrue*, 537 F.3d 117, 120 (2d Cir. 2008)). At Step Two, the ALJ analyzes "whether the claimant has a severe impairment or combination of impairments . . . ." *Id.* At Step Three, the ALJ evaluates whether the claimant's disability "meets or equals the severity" of one of the "Listings" – that is, the specified impairments listed in the regulations. *Id.* At Step Four, the ALJ uses a residual

---

[2] The relevant period under review for Plaintiff's DIB benefits runs from January 23, 2020, her alleged onset date, through the date of the ALJ's decision, November 26, 2021. 20 C.F.R. §§ 404.130, 404.315(a); *Arnone v. Bowen*, 882 F.2d 34, 37 (2d Cir. 1989). In contrast, regarding her application for SSI benefits, the relevant period under review runs from July 31, 2020, the date she applied for benefits, through the date of the ALJ's decision, November 26, 2021. 20 C.F.R. §§ 416.330, 416.335; *see Frye v. Astrue,* 485 F. App'x. 484, 485 n.l (2d Cir. 2012) (summary order). The Plaintiff's date last insured for DIB is December 31, 2024. (R. 22.)

functional capacity ("RFC") assessment to determine whether the claimant can perform any of her "past relevant work." *Id*. At Step Five, the ALJ addresses "whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's [RFC], age, education, and work experience." *Id.* The claimant bears the burden of proving her case at Steps One through Four. *Id.* At Step Five, "the burden shift[s] to the Commissioner to show there is other work that [the claimant] can perform." *Brault v. Soc. Sec. Admin., Comm'r,* 683 F.3d 443, 445 (2d Cir. 2012) (per curiam).

In reviewing a final decision of the Commissioner, this Court "perform[s] an appellate function." *Zambrana v. Califano*, 651 F.2d 842, 844 (2d Cir. 1981). Its role is to determine whether the Commissioner's decision is supported by substantial evidence and free from legal error. "A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by substantial evidence or if the decision is based on legal error." *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000) (internal quotation marks omitted).

A disability determination is supported by substantial evidence if a "reasonable mind" could look at the record and make the same determination as the Commissioner. *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988) (defining substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion . . . .") (citations omitted). Though the standard is deferential, "[s]ubstantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lamay v. Comm'r of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (internal quotation marks and citations omitted). When the decision is supported by substantial evidence, the Court defers to the Commissioner's judgment. "Where the Commissioner's decision rests on adequate findings

4

supported by evidence having rational probative force, [this Court] will not substitute [its] judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002).

An ALJ does not receive the same deference if he has made a material legal error. In other words, district courts do not defer to the Commissioner's decision where "an error of law has been made that might have affected the disposition of the case." *Pollard v. Halter*, 377 F.3d 183, 189 (2d Cir. 2004) (internal quotation marks omitted). "Even if the Commissioner's decision is supported by substantial evidence, legal error alone can be enough to overturn the ALJ's decision." *Ellington v. Astrue*, 641 F. Supp. 2d 322, 328 (S.D.N.Y. 2009) (citing *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987)).

### III. DISCUSSION

Plaintiff raises four arguments on appeal. She argues that the ALJ erred: (1) at Step Five by failing to resolve the conflict between the vocational expert's testimony and the Dictionary of Occupational Titles; (2) in his credibility assessment of Plaintiff; (3) in his assessment of the headache evidence of record; and (4) for failing to develop the record. ECF No. 23-1, at 2-21. The Commissioner disagrees and argues that the ALJ did not commit legal error and substantial evidence supports his conclusions. ECF No. 29.

For the reasons that follow, the Court concludes that remand is warranted.

### A. Step Five Challenge

Plaintiff first argues that remand is required because the ALJ erred at Step Five by failing to resolve the conflict between the jobs the VE identified that Plaintiff could perform and the requirements of those jobs as set forth in the *Dictionary of Occupational Titles* ("DOT") in relation to Plaintiff's use of a cane. ECF No. 23-1, at 2-5. The Commissioner argues that there

is no apparent conflict and the ALJ properly relied on the VE's testimony. ECF No. 29-1, at 15-17.

At the hearing, the VE testified that an individual with claimant's age, education and past work who required the use of a cane for ambulation would be unable to perform claimant's past work and it would eliminate medium work. (R. 88-89.) The VE then identified three appropriate occupations, of information clerk, cashier II, and photocopy machine operator, that are considered light work.[3] (R. 89.) The ALJ next asked the VE whether the jobs were consistent with the DOT and SCO (*Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupation Titles*). (*Id.*) The VE confirmed that they were. (*Id.*) Social Security Ruling 00-4p "places an affirmative duty on the ALJ to identify and resolve any conflict between the VE's testimony and the DOT before relying on such testimony." *Afari v. Berryhill*, No. 16-cv-595 (FPG), 2017 WL 1963583, at *4 (W.D.N.Y. May 12, 2017) (citation and internal quotation marks omitted); *see also Policy Interpretation Ruling: Titles II & XVI: Use of Vocational Expert &*

---

[3]    "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls."  20 C.F.R. §§ 404.1567(b), 416.967(b).  Social Security Ruling 83-10 further explains:

> Since frequent lifting or carrying requires being on one's feet up to two-thirds of a workday, the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday.  Sitting may occur intermittently during the remaining time.  The lifting requirement for the majority of light jobs can be accomplished with occasional, rather than frequent, stooping. Many unskilled light jobs are performed primarily in one location, with the ability to stand being more critical than the ability to walk.  They require use of arms and hands to grasp and to hold and turn objects, and they generally do not require use of the fingers for fine activities to the extent required in much sedentary work.

S.S.R. 83-10, *Titles II & XVI: Determining Capability to Do Other Work-the Med.-Vocational Rules of Appendix 2,* 1983 WL 31251, at *6 (S.S.A. Jan. 1, 1983).

*Vocational Specialist Evidence, & Other Reliable Occupational Info. in Disability Decisions,* 2000 WL 1898704, at *2, S.S.R. 00-4P (S.S.A. Dec. 4, 2000) ("When there is an apparent unresolved conflict between VE or VS evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE or VS evidence to support a determination or decision about whether the claimant is disabled."). To resolve the apparent conflict between the VE's testimony and the DOT and SCO (*Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupation Titles)*, the ALJ inquired of the VE, whether the DOT and SOC include use of an ambulatory device. (R. 89.) The VE responded, "It does not. It is based on my experience and knowledge of the occupations." (*Id.*)

It is uncontested that Plaintiff requires a cane for ambulation and the ALJ incorporated this limitation in the RFC. The ALJ did not, however, address possible limitations that may arise from Plaintiff's need to use a cane in relation to the jobs identified by the VE. *See Gibbons v. Comm'r of Soc. Sec.,* 2023 WL 3830774, at *2 (2d Cir. June 6, 2023) ("[A]n ALJ has an "independent, affirmative obligation . . . to undertake a meaningful investigatory effort to uncover apparent conflicts, beyond merely asking the vocational expert if there is one.") (quoting *Lockwood v. Comm'r of Soc. Sec. Admin.*, 914 F.3d 87, 92 (2d Cir. 2019).

Plaintiff argues that the "ALJ's RFC does not address possible limitations that would arise from ambulating with a cane in one's dominant or nondominant hand because [it] may impact [her] ability to complete some of the duties of light work, such as the ability to handle and finger bilaterally" and/or carry items up to twenty pounds in one hand while using a cane in another. ECF No. 23-1*,* at 5. She argues that the jobs identified by the VE *may* require that she walk and stand while ambulating with a cane during the better part of the workday and that the DOT does not expressly state whether the occupations identified by the VE require *bilateral* handling. *Id.*, at

4. Thus, she states that there is an apparent conflict which was not addressed or resolved by the ALJ. *Id.* The Court agrees. *See Afari*, 2017 WL 1963583, at *4 ( finding that "the ALJ erred when he failed to identify the apparent conflict between the jobs the VE identified and the DOT definitions that require the employee to communicate in English."); *Spears v. Colvin*, No. 15-CV-6236-FPG, 2016 WL 4973890, at *4 (W.D.N.Y. Sept. 19, 2016) (finding that the ALJ erred when he failed to resolve the conflict between the plaintiff's inability to reach overhead and the VE's testimony that she could perform jobs that required frequent reaching in all directions according to the DOT).

The regulations provide that light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. §§ 404.1567(b), 416.967(b). A job may also be in this category "when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." *Id.* Light work also requires the "use of arms and hands to grasp and hold and turn objects." S.S.R. 83-10, 1983 WL 31251, at *6. "If Plaintiff needs to use a cane for ambulation, it means that at least one hand is not free to hold other objects and perform the lifting and carrying requirements of light work, which are not minimal." *Wright v. Colvin*, No. 6:13-cv-06585 (MAT), 2015 WL 4600287, at *5 (W.D.N.Y. July 29, 2015) ("Although the ALJ found Plaintiff capable of doing less than the full range of light work, he did not place any additional limitations on the amount Plaintiff was required to lift or the frequency with which he was required to perform lifting activities."). That is, Plaintiff's use of a cane with one hand would directly impact her ability to lift and carry objects. *See Clyburn v. Berryhill*, No. 16-cv-1029 (FPG), 2017 WL 6014452, at *4 (W.D.N.Y. Dec. 5, 2017) ("If Clyburn needs to use a cane, it means that at least one hand is not free to hold other objects and perform the lifting and carrying requirements of light work, which

are not minimal."). While the ALJ notes that Plaintiff testified she is capable of doing some housework, he also notes her testimony that she can carry up to five pounds -significantly less than the carrying requirements for light work- and "requires assistance lifting (e.g. laundry basket)." (R. 27.) "Other courts have held that failure to make an explicit finding as to a Plaintiff's ability to lift and carry while using a cane to ambulate was error and grounds for remand." *Borrero v. Saul*, No. 3:19-cv-01306 (TOF), 2020 WL 7021675, at *10 (D. Conn. Nov. 30, 2020) (collecting cases) ("[C]ourts have held that failure to make an explicit finding as to a [p]laintiff's ability to lift and carry while using a cane to ambulate was error and grounds for remand.") (citing *Reed v. Berryhill*, No. 3:16-CV-1856 (WIG), 2017 WL 4613190, at *2-3 (D. Conn. Oct. 16, 2017) (concluding the ALJ erred by not making a "specific finding on Plaintiff's ability to lift and carry while using a cane to ambulate," specifically observing "both opinions found Plaintiff's ability to lift and carry was less than what light work requires")). *See also McCants v. Astrue*, No. 3:09-cv-01830 (VLB), 2010 WL 4363423, at *5 (D. Conn. Oct. 21, 2010) (remanding to permit the ALJ to make a finding on claimant's "ability to lift or carry" when finding that "the plaintiff could perform light work while using a cane and having the option of sitting or standing"); *cf. Magby v. Colvin*, No. 15-cv-285 (FPG), 2016 WL 4585903, at *2-3 (W.D.N.Y. Sept. 2, 2016) (explaining that "the ALJ did not err when he determined that [the plaintiff] could perform a reduced range of light work with the use of a cane" because "the ALJ incorporated [the plaintiff's] cane use *and additional lifting restrictions* into the RFC determination" and "the ALJ posed a hypothetical question to the VE that included the caveat that 'the individual would use a cane to ambulate.'") (emphasis added).

Accordingly, the Court concludes that the ALJ's hypothetical to the VE did not address additional limitations that arise from someone who requires the use of a cane when ambulating

and the impact this may have on her ability to complete some of the duties of light work, such as the ability to carry items up to twenty pounds with one hand while using a cane in another, and/or other tasks that involve the bilateral reaching, handling and fingering. Remand is therefore warranted "so that the ALJ can make a specific finding on Plaintiff's ability to lift and carry while using a cane to ambulate." *Reed*, 2017 WL 4613190, at *3.

The Commissioner on remand "should employ whichever of these methods are appropriate to fully develop the record as to [the Plaintiff's] RFC." *Dowling v. Saul*, No. 19-cv-01170 (WIG), 2020 WL 2079113, at *7 (D. Conn. Apr. 30, 2020) (remanding because there is *no* medical source opinion or functional assessment supporting the ALJ's finding that Ms. Dowling can perform light work with limitations); *see also Martin v. Berryhill*, No. 16-CV-6184-FPG, 2017 WL 1313837, at *4 (W.D.N.Y. Apr. 10, 2017) ("There were many avenues available to the ALJ to fill the gap. . . .").

## IV.    CONCLUSION

Accordingly, Plaintiff's Motion for Order Reversing the Commissioner's Decision [ECF No. 23] is GRANTED and Defendant's Motion for an Order Affirming the Decision of the Commissioner [ECF No. 29] is DENIED.  The undersigned recommends the Commissioner's decision be vacated and the case be remanded for further administrative proceedings consistent with this opinion.

Because the Court is remanding this matter for further development of the record, it does not reach the Plaintiff's remaining arguments.  On remand, and after further development of the record and a new hearing, the ALJ shall consider the other claims of error not addressed in this decision.  *Pacheco v. Saul*, No. 3:19-CV-00987 (WIG), 2020 WL 113702, at *8 (D. Conn. Jan. 10, 2020) ("On remand, the Commissioner will address the other claims of error not discussed

herein."); *see also Moreau v. Berryhill*, No. 3:17-CV-00396 (JCH), 2018 WL 1316197, at *4 (D. Conn. Mar. 14, 2018) ("Because the court finds that the ALJ failed to develop the record, it also suggests that the ALJ revisit the other issues on remand, without finding it necessary to reach whether such arguments would themselves constitute legal error justifying remand on their own.").

This is a recommended ruling by a magistrate judge. *See* Fed. R. Civ. P. 72(b)(1). Any objections to this recommended ruling must be filed with the Clerk of the Court within fourteen days of being served with this order. *See* Fed. R. Civ. P. 72(b)(2). Failure to object within fourteen days will preclude appellate review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; D. Conn. L. Civ. R. 72.2(a); *Impala v. United States Dep't of Justice*, 670 F. App'x 32 (2d Cir. 2016) (summary order) (failure to file timely objection to magistrate judge's recommended ruling precluded further appeal to Second Circuit); *Small v. Secretary of H.H.S.*, 892 F.2d 15 (2d Cir. 1989) (per curiam).

*/s/ Maria E. Garcia U.S.M.J.*
Hon. Maria E. Garcia
United States Magistrate Judge